ON PETITION FOR REHEARING OR, IN THE ALTERNATIVE, PETITION FOR RENEWAL OF MOTION TO DISMISS
BOARDMAN, Judge.
The appellees, A. L. Ellis and Helen L. Ellis, his wife, and Carien Realty Company, a corporation, have timely filed separate petitions for rehearing directed to our opinion filed in this cause on June 8, 1973, or, in the alternative, petitions for renewal of motions to dismiss the appeal. Appel-lees previously filed separate motions to dismiss the appeal. After careful review we held that the record was insufficient to support the motions to dismiss the appeal and, accordingly, entered an order denying the relief sought by appellees. Subsequently, appellees have filed in this court certified copies of complaint for partition ; appellant’s amended answer thereto, and counterclaim and cross-claim; appel-lees’ motoin directed to amended answer, counterclaim and cross-claim of appellant; motion to dismiss cross-claim against appel-lee, Carien Realty Company; and, the order of the trial court on the motions to dismiss amended counterclaim and cross-claim. The above-mentioned pleadings were attached to the petitions for rehearing and for renewal.
An inspection of the record divulges that the order appealed from, in which the trial court granted appellees’ motion to dismiss appellant’s counterclaim and cross-claim, without leave to amend, is, we submit, a final order. We point’out that the complaint filed by appellees, A. L. Ellis and Helen L. Ellis, his wife, is an action for partition of certain real property and seeks other appropriate relief. On the other hand, the counterclaim and cross-claim filed by appellant against appellees is an action for malicious prosecution. The trial court’s ruling in dismissing the counterclaim and cross-claim ended the judicial labor concerning that litigation. The separate and distinct issues framed by the complaint for partition and the amended answer filed thereto remain to be resolved between the parties in the trial court.
In view of the posture of the case, we rule on appellees’ petition for renewal of their respective motions to dismiss the appeal, therefore, it is not necessary to consider the petition for rehearing, and, after careful consideration of the record now before us, the said petitions are
Denied.
HOBSON, Acting' C. J., and McNULTY, J., concur.